# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-3609

_____

United States

*Plaintiff - Appellee*

v.

Darius Terrel Whiting

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 16, 2026
Filed: July 21, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Darius Whiting was sentenced to life in prison after pleading guilty to several cocaine and firearm-related offenses. He moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), arguing he would receive a lesser sentence if he were sentenced today due to nonretroactive changes to 21 U.S.C. § 841(b)(1) and that he has made "exceptional" rehabilitative efforts.

When weighing motions like Whiting's, courts generally engage in a three-step analysis. *See, e.g.*, *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). They first decide whether the defendant "fully exhausted all [his] administrative rights . . . ." *Id.* (quoting § 3582(c)(1)(A)(i)). If he did, they then consider whether he showed that "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* (quoting § 3582(c)(1)(A)(i)). And if so, they consider whether "the factors set forth in [§] 3553(a)[,] to the extent that they are applicable," support reducing his sentence. *Id.* (quoting § 3582(c)(1)(A)(i)); *accord United States v. Bryant*, 144 F.4th 1119, 1127 (9th Cir. 2025) ("Even if a district court identifies an extraordinary and compelling reason, it may not grant relief unless the § 3553(a) factors support the reduction.").

The district court[1] concluded, at step one, that Whiting exhausted his administrative remedies. But it denied his motion for two reasons. First, because neither of the bases he offered at step two — nonretroactive changes in the law and rehabilitation — are extraordinary and compelling. And second, the § 3553(a) factors did not support reducing his sentence at step three, given his extensive criminal history and the nature of his offense. Whiting appeals, arguing the district court "reversibly erred in believing it was not permitted to consider nonretroactive changes in law" as extraordinary and compelling reasons for a sentence reduction.

We review this issue de novo. *See Rodd*, 966 F.3d at 746. "The Circuits . . . divided over whether the disparity created by a nonretroactive change to sentencing law . . . can constitute an extraordinary and compelling reason that warrants compassionate release." *Rutherford v. United States*, 146 S. Ct. 1320, 1329–30 (2026) (cleaned up). But the Supreme Court granted certiorari in *Rutherford* "to resolve the split" and plainly held, "When Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

reason that warrants a sentence reduction." *Id.* at 1330 (cleaned up). The district court thus correctly concluded the nonretroactive changes in applicable law Whiting raised do not amount to an extraordinary and compelling reason to reduce his sentence.[2]

The district court alternatively denied Whiting's motion because, in its view, the § 3553(a) factors do not support reducing his sentence. We review this determination for abuse of discretion. *See United States v. Fetters*, 163 F.4th 513, 517 (8th Cir. 2026). As the district court explained, Whiting has an extensive track record of various drug and weapon-related offenses, as well as engaging in violence. His present offense conduct alone involved possession of multiple firearms and leading a conspiracy to distribute over 2,000 grams of cocaine and cocaine base. And after he was apprehended, Whiting lied under oath in an attempt to exculpate one of his coconspirators. Against this backdrop, the district court did not abuse its discretion when it concluded the § 3553(a) factors do not support reducing Whiting's sentence. *See, e.g.*, *United States v. McDonald*, No. 20-1789, 2022 WL 782696, at *2 (8th Cir. Mar. 15, 2022); *United States v. Logan*, 819 F. App'x 462, 466 (8th Cir. 2020).

We affirm the district court's order.

_____

---

[2]Whiting also argued, in his motion to the district court, that he has made "extraordinary" rehabilitative efforts. He does not develop any specific arguments regarding his rehabilitation on appeal, however, so we need not consider it. *Falco v. Farmers Ins. Grp.*, 795 F.3d 864, 868 (8th Cir. 2015). And even if he had, rehabilitation "alone shall not be considered an extraordinary and compelling reason." *United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1124 (8th Cir. 2026) (quoting 28 U.S.C. § 994(t)).